Sara Rezvanpour, Esq. (SBN: 275956)
sara@rkrlegal.com
Sina Rezvanpour, Esq. (SBN: 274769)
sr@rkrlegal.com
RKR Legal, APC
17530 Ventura Blvd., Suite 102
Encino, California 91316
Telephone: (866) 502-0787
Facsimile: (866) 502-5065

Attorneys for Plaintiffs,
Ali Soufi and David Shamolian

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALI SOUFI and DAVID SHAMOLIAN, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREAT DESTINATIONS, INC., a Nevada Corporation and Does 1 – 10,<br><br>Defendants. | **Case No.:** 2:15-cv-04705<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF PURSUANT TO CALIFORNIA PENAL CODE § 632.7**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs ALI SOUFI ("SOUFI") and DAVID SHAMOLIAN ("SHAMOLIAN") (together, "Plaintiffs"), on behalf of themselves and the class of similarly situated individuals as defined below, allege upon information and belief and investigation by counsel as follows:

## INTRODUCTION

1. This class action lawsuit arises out of Defendant GREAT DESTINATIONS INC.'s ("GDI" or "Defendant") policy and practice of willfully employing and/or causing to be employed certain recording equipment in order to record Defendant's telephone conversations with Plaintiffs without Plaintiffs' knowledge or consent, in violation of California Penal Code § 632.7, thereby invading Plaintiffs' privacy.

2. Defendant's policy and practice of recording telephone conversations without the consent of all parties violates California's Invasion of Privacy Act (California Penal Code §§ 630, *et seq.*). Specifically, Defendant's policies and practices violate California Penal Code § 632.7 ("Penal Code § 632.7"), which prohibits the recording of a communication made to a cellular telephone without the consent of all parties to the communication. Penal Code § 632.7 does not require that the recorded communication be confidential.

3. Defendant has violated and continues to violate Penal Code § 632.7 by impermissibly recording its telephone communications with California residents while said residents are on cellular telephones, without the consent of all parties to the communication.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs are residents of the State of California and seek relief on behalf of a national class, which will result in at least one class member belonging to a different state than that of Defendant, a company incorporated in Nevada and with its principal place of business also in Nevada. Plaintiffs also seek the greater of statutory damages of $5,000 per violation or three times actual damages per violation, pursuant to Penal Code 637.2(a), which when aggregated among a proposed class number in the thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (1) Plaintiffs reside in the County of Los Angeles, State of California, which is within this judicial district; (2) the conduct complained of herein occurred within this judicial district; and (3) Defendant conducted business within this judicial district at all times relevant.

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** PAGE 2 OF 13

# PARTIES

6. Plaintiff SOUFI is an individual residing in the State of California, County of Los Angeles.

7. Plaintiff SHAMOLIAN is an individual residing in the State of California, County of Los Angeles.

8. Upon information and belief, Plaintiffs allege that Defendant is a Nevada corporation with its principal place of business located at 99 Convention Center Dr., Las Vegas, Nevada, 89109.

9. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue those defendants by those fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and on that ground allege that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged and that Plaintiffs' injuries and damages, as alleged, are proximately caused by those occurrences.

10. "Defendants" means and refers to defendant GDI and the fictitiously named Defendants, each and all of them, as well as their related entities, subsidiaries, and agents.

11. Upon information and belief, Plaintiffs allege that, at all relevant times, each Defendant was the principal, agent, partner, joint venture, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest, and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Upon information and belief, Plaintiffs allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that each knew or should have known about and authorized, ratified, adopted, approved,

controlled, and/or aided and abetted the conduct of all Defendants.

## FACTUAL ALLEGATIONS

### First Recorded Call to Plaintiff SOUFI

12. On or about December 5, 2014 at approximately 4:47 p.m. Pacific Standard Time, Plaintiff SOUFI received a telephonic communication from (818) 367-2550 ("Defendant's Woodland Hills Number"), a number associated with Defendant, on Plaintiff SOUFI's cellular telephone.

13. The individual calling from Defendant's Woodland Hills Number stated that she was a representative of Defendant ("GDI Representative").

14. During the conversation, GDI Representative stated that Plaintiff SOUFI was eligible for roundtrip airline tickets, that Defendant had obtained Plaintiff SOUFI's phone number from credit bureaus or credit company, and that she was calling from GDI's Woodland Hills location on Topanga Canyon Boulevard.

15. During the conversation, Plaintiff SOUFI asked whether the call was being recorded. GDI Representative responded that the call was indeed being recorded.

16. Plaintiff SOUFI then immediately informed GDI Representative that he was uncomfortable with the call being recorded without his consent and that GDI Representative should have informed Plaintiff SOUFI about the recorded call at the very beginning of the conversation.

17. Plaintiff SOUFI then asked for GDI Representative's name, but she refused to provide it.

18. Plaintiff SOUFI terminated the call shortly thereafter.

///
///
///
///

### Second Recorded Call to Plaintiff SOUFI

19. On or about April 7, 2015 at approximately 8:27 p.m. Pacific Standard Time, Plaintiff SOUFI received yet another telephonic communication on his cellular phone from Defendant. This communication was from (714) 497-1378, a number associated with Defendant ("Defendant's Orange County Number").

20. The individual calling from Defendant's Orange County Number identified themselves as Adrian ("GDI Representative Adrian").

21. GDI Representative Adrian informed Plaintiff SOUFI that Plaintiff SOUFI might be eligible for a vacation.

22. Plaintiff SOUFI then asked GDI Representative Adrian whether the call was being recorded. GDI Representative Adrian responded that the call was not being recorded, however, when Plaintiff SOUFI asked to speak to GDI Representative Adrian's manager to confirm whether the call was being recorded, GDI Representative Adrian immediately terminated the call.

23. Plaintiff SOUFI believes this second call was also recorded without his consent.

### Recorded Call to Plaintiff SHAMOLIAN

24. On or about September 19, 2014 at approximately 6:08 p.m. Pacific Standard Time, Plaintiff SHAMOLIAN received a telephonic communication from Defendant's Woodland Hills Number on Plaintiff SHAMOLIAN's cellular telephone.

25. The individual calling from Defendant's Woodland Hills Number identified herself as Sam ("GDI Representative Sam").

26. During the conversation, GDI Representative Sam stated that Defendant was affiliated with Southwest Airlines.

27. During the conversation, Plaintiff SHAMLOIAN asked whether the call was being recorded. GDI Representative Sam responded that the call was

1 indeed being recorded.

28. Plaintiff SHAMOLIAN then immediately informed GDI Representative Sam that he was uncomfortable with the call being recorded without his consent and that GDI Representative Sam should have informed Plaintiff SHAMOLIAN about the recorded call at the very beginning of the conversation.

29. Plaintiff SHAMOLIAN then terminated the call.

### Defendant's Conduct Violates Penal Code § 632.7

30. Plaintiffs had no reason to suspect that any of their cellular telephone conversations with Defendant would be recorded. Had Plaintiffs known that the conversations would be recorded, Plaintiffs would not have given consent.

31. Plaintiffs found Defendant's clandestine recording to be highly offensive due to the dishonest nature of the action. Because there was no warning that calls would be recorded or monitored, Plaintiffs had a reasonable expectation that their respective telephone conversations with Defendant were private and confined to the parties on the telephone. The recording, monitoring, and/or eavesdropping upon the calls without Plaintiffs' consent is highly offensive to Plaintiffs and would be highly offensive to a reasonable person, including members of the proposed Plaintiff Class.

32. Defendant's recording of the conversations with Plaintiffs without Plaintiffs' knowledge or consent caused harm and damage to Plaintiffs. Prior to Plaintiffs' respective inquiries on the matter, Plaintiffs were never informed that their cellular telephone conversations with Defendant were being recorded. At no time during any of the above-mentioned calls did either Plaintiff give consent for the call with Defendant to be monitored, recorded, and/or eavesdropped on.

33. Upon information and belief, Plaintiffs allege that during the relevant time period, Defendant has had a policy and practice of recording telephone conversations with recipients of calls from Defendant. Defendant's employees

and agents are directed, trained, and instructed to, and do, record cellular telephone conversations with the public, including Plaintiffs and other California residents.

34. Upon information and belief, Plaintiffs allege that during the relevant time period, Defendant had all of its calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiffs and other California residents.

35. Defendant's conduct violated the public's right to privacy, including the rights of Plaintiffs and other California residents, and constitutes a violation of Penal Code § 632.7.

## CLASS ACTION ALLEGATIONS

36. Plaintiffs bring this action on behalf of themselves and all others similarly situated (the "Class").

37. Plaintiffs represent, and are members of, the Class, which is defined as follows: "All persons who, at any time during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with Defendant from a cellular telephone located in California, and whose calls were recorded and/or monitored by Defendants surreptitiously or without disclosure."

38. Defendants, its employees, and its agents are excluded from the Class.

39. The Class that Plaintiffs seek to represent contains numerous members and is clearly ascertainable including, without limitation, by using Defendant's records and/or Defendant's telephone company's or other toll-free service provider's records to determine the size of the Class and to determine the identities of individual Class members. Plaintiffs reserve the right to expand or modify the Class definition as warranted as facts are revealed through further investigation and discovery.

40. By its unlawful actions, Defendant has violated Plaintiffs' and the Class' privacy rights under California's Invasion of Privacy Act, specifically, Penal Code § 632.7. The questions raised are, therefore, of common or general interest to the Class, who has a well-defined community of interest in the questions of law and fact raised in this action.

41. Plaintiffs' claims are typical of those of the Class, as Plaintiffs now suffers from the same violations of law as other putative Class members. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions to represent them and the Class, and Plaintiffs will fairly and adequately represent the interests of the Class.

42. This action may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is ascertainable.

**Numerosity**

43. Plaintiffs do not know the number of members in the Class, but based on information and belief, believe the Class consists of at least hundreds of individuals, making joinder of individual cases impracticable.

**Typicality**

44. Plaintiffs' claims are typical of the claims of all the other Class members. Plaintiffs' claims and the Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiffs and to all the other Class members.

**Common Questions of Law and Fact**

45. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. Those common questions of law and fact include, without limitation, the following:

   a. Whether Defendant has a policy of recording and/or monitoring incoming and/or outgoing calls made to and/or from cellular telephones;

b. Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing cellular telephone conversations with Defendant are being recorded;

c. Whether Defendant's policy of recording incoming and/or outgoing calls constitutes a violation of Penal Code § 632.7;

d. Whether Defendant's policy of recording incoming and/or outgoing calls constitutes an invasion of privacy;

e. Whether Plaintiffs and the Class are entitled to statutory damages of $5,000 per violation of Penal Code § 632.7 under Penal Code § 637.2; and

f. Whether Defendant should be enjoined from engaging in such conduct in the future.

### **Adequacy**

46.  Plaintiffs will fairly and adequately represent and protect the interests of the other Class members. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the other Class members and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interests adverse to those of the other Class members.

### **Superiority**

47.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Even if every individual Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent,

or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each Class member. Further, it will prevent the very real harm that would be suffered by numerous putative Class members who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage because they chose to obey the law. Plaintiffs anticipate no difficulty in the management of this case as a class action.

48. The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party Class members to protect their interests.

49. The prosecution of individual actions by Class members would establish inconsistent standards of conduct for Defendant.

50. Defendant has acted or refused to act in ways generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole. Likewise, Defendant's conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

///
///
///
///
///
///

Case 2:15-cv-04705-GHK-AJW Document 1 Filed 06/22/15 Page 11 of 13 Page ID #:11

# FIRST CAUSE OF ACTION

## Unlawful Recording and Interception of Communications –

## Violation of California Penal Code § 632.7

(Against GDI and DOES 1-10, Inclusive)

51. Plaintiffs repeat and incorporate by reference the allegations set forth above as though fully stated herein.

52. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy with the purpose, intent, and specific protections of the California Invasion of Privacy Act, including Penal Code § 632. As the California Supreme Court has stated, "California's explicit constitutional privacy provision (Cal. Const., art. I, § 1) was enacted in part specifically to protect Californians from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." *Kearny v. Salomon Smith Barney, Inc.* (2006) 39 Cal. 4th 95, 39-40. Therefore, it is evident that California has a strong and continuing interest in the full and vigorous application of the provisions of Penal Code § 632 prohibiting the recording of telephone conversations involving a cellular telephone without the knowledge or consent of all parties to the conversation.

53. Plaintiff SOUFI participated in two conversations on his cellular telephone with Defendant's employee or agent.

54. Plaintiff SHAMOLIAN participated in one conversation on his cellular telephone with Defendant's agent or employee.

55. Upon information and belief, at all relevant times, Defendant had a policy and practice of using a telephone system and/or recording equipment that enabled them to surreptitiously record and/or monitor conversations between Plaintiffs and Class members using cellular telephones and Defendant.

56. Upon information belief, at all relevant times, Defendants had and

followed a policy and practice of intentionally and surreptitiously recording and/or monitoring Plaintiffs' and Class members' cellular telephone conversations with Defendant.

57. Upon information and belief, at all relevant times, Defendant had and followed a policy and practice of not advising or warning Plaintiffs or Class members that their cellular communications with Defendant would be recorded and/or monitored. Because Defendant did not disclose to Plaintiffs or Class members that their calls were being recorded and/or monitored, Defendant did not obtain, and could not have obtained, Plaintiffs' or Class members' express or implied advance consent to the recording and/or monitoring of those conversations.

58. Defendant's conduct as described above violated Penal Code § 632.7(a). Plaintiffs and Class members are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to those set for in Penal Code § 632.7.

59. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiffs and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in California Code of Civil Procedure § 1021.5, or any other statutory basis.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and members of the Class, pray for the following relief:

    a. An order certifying the Class and appointing Plaintiff SOUFI and Plaintiff SHAMOLIAN as representatives of the Class, and appointing counsel for Plaintiffs as lead counsel for the Class;

    b. An order declaring that the actions of Defendant, as described above, violate California Penal Code § 632.7;

  c. A judgment for and award of five thousand dollars ($5000.00) per violation of California Penal Code § 632.7 to Plaintiffs and the members of the Class;

  d. Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiffs and the Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

  e. A permanent injunction enjoining Defendant from engaging in further conduct in violation of California Penal Code § 630 *et seq.*;

  f. Payment of costs of the suit;

  g. Payment of attorney's fees under California Code of Civil Procedure § 1021.5;

  h. An award of pre- and post-judgment interest to the extent allowed by law; and

  i. Any other further relief that the court may deem just and proper.

## DEMAND FOR JURY TRIAL

60. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: June 22, 2015              Respectfully submitted,

                     **RKR LEGAL, APC**

                     BY: /s/ Sara Rezvanpour
                     SARA REZVANPOUR
                     ATTORNEYS FOR PLAINTIFFS